12-4743-cv
Payne v. Galie

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 10th day of September, two thousand fourteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
                ROBERT D. SACK,
                GERARD E. LYNCH,
                        *Circuit Judges*.

_____

CHANIKKA DAVIS PAYNE,

                *Plaintiff-Appellant*,

                v.                                          No. 12-4743-cv

JOHN GALIE, THOMAS FOURMIER, THEODORE
WEED, JOHN FASO, JOSEPH GIANQUINTO,
NIAGARA FALLS POLICE DEPARTMENT, COUNTY
CRIME TASK FORCE,

                *Defendants-Appellees*,

DOROTHY JONES,

                *Defendant*.

_____

For Plaintiff-Appellant:            HANNAH Y.S. CHANOINE (Christos G. Papapetrou, Michael E.
                                    Rayfield, Martha A. Leibell, *on the brief*), Mayer Brown LLP,
                                    New York, NY.

For Defendants-Appellees:           THOMAS MICHAEL O'DONNELL, City of Niagara Falls Law
                                    Department, Niagara Falls, NY.


Appeal from the United States District Court for the Western District of New York (Telesca, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **VACATED** and the case

**REMANDED** for further proceedings in accordance with this order.

Acting pro se, Plaintiff-Appellant Chanikka Davis Payne brought suit in the United

States District Court for the Western District of New York (Telesca, *J.*), claiming inter alia that

defendants-appellees violated her Fourth Amendment rights by entering another person's

apartment without a warrant in order to arrest her. The district court entered judgment on the

pleadings on October 25, 2012, dismissing Payne's complaint with prejudice. Payne now appeals

from that judgment, arguing that the district court erred in dismissing her Fourth Amendment

claim. We assume the parties' familiarity with the underlying facts, procedural history, and

issues on appeal.

We review de novo the district court's entry of judgment on the pleadings. *Bank of N.Y.*

*v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). In so doing, we ask whether the

complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Id.* (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)).

Because Payne acted pro se in filing her complaint, we construe its allegations liberally.

*See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

2

As relevant here, Payne's complaint alleges that in March 2007 defendants-appellees "[s]earched and seized [her] at another persons [sic] home" and "[d]id not have court permission." J. App'x 15. Attached to the complaint was an arrest report indicating that the officers who arrested Payne had neither a search warrant nor an arrest warrant.

In general, the Fourth Amendment prohibits a police officer from entering a house or apartment to make an arrest unless the officer has a warrant. *Payton v. New York*, 445 U.S. 573, 576 (1980). Absent some exception to that general rule, such as consent or exigent circumstances, a warrantless entry violates the Fourth Amendment rights of any person whose reasonable expectation of privacy is thereby invaded. *Id.* at 576, 589-90. A person may have a reasonable expectation of privacy in another person's home if she is an overnight guest in that home, *see Minnesota v. Olson*, 495 U.S. 91, 96-97 (1990), or otherwise enjoys a similar "degree of acceptance into the household," *Minnesota v. Carter*, 525 U.S. 83, 90 (1998). However, a person has no reasonable expectation of privacy in another person's home if she is merely "present for a business transaction" and only remains there for "a matter of hours." *Id.*

We conclude that Payne has sufficiently alleged that the police entered her host's apartment without a warrant in order to arrest her, but has not yet sufficiently alleged that Payne herself had a reasonable expectation of privacy in that apartment. We also conclude that under the circumstances presented here, Payne should be allowed to plead further facts showing that she had such a reasonable expectation of privacy. We recognize that Payne did not seek leave to amend from the district court, and that we are "ordinarily disinclined to exercise our discretion to grant [a] belated request [for leave to amend] on appeal." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 171 (2d Cir. 1998). But in light of the fact that Payne was not represented by counsel in the

3

district court proceedings, we conclude that her failure to seek leave to amend earlier should not prevent her from doing so now.

The parties also disagree as to whether Payne should be required to plead facts showing that the officers' warrantless entry into the apartment was justified by consent. A plaintiff claiming that her Fourth Amendment rights were violated by a warrantless entry need not plead facts affirmatively showing the absence of any exception to the warrant requirement, because the absence of such an exception is not a part of the plaintiff's prima facie case. *See Ruggiero v. Krzeminski*, 928 F.2d 558, 563 (2d Cir. 1991) (noting that defendants may have the initial burden of "producing evidence of consent or search incident to an arrest or other exceptions to the warrant requirement").

We have considered the other arguments raised by the parties and find them to be without merit. We therefore **VACATE** the dismissal with prejudice of Payne's warrantless entry claim based on her 2007 arrest, and **REMAND** so that Payne may plead further facts in support of that claim.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4